Ramona CIPRES and Juan Montes DeOca, Appellants,

v.

UNITED STATES of America, Appellee.

No. 19217.

United States Court of Appeals
Ninth Circuit.

March 18, 1965.

Harold J. Ackerman, Wm. Bryan Osborne, Los Angeles, Cal., for appellants.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Crim. Sec., John K. Van de Kamp, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, KOELSCH, and BROWNING, Circuit Judges.

BROWNING, Circuit Judge:

Ramona Cipres and Juan Montes De-Oca appeal from convictions for trafficking in marihuana contrary to 21 U.S.C.A. § 176a.

I

Appellants argue that the district court erred in admitting into evidence two suitcases containing marihuana, contending that the evidence was secured by conduct violating Cipres' Fourth Amendment right to freedom from unreasonable search and seizure.

The marihuana was discovered and seized at the Los Angeles International Airport by a Customs agent and an offi-

cer of the Los Angeles Police Department. Their testimony relevant to the search and seizure was as follows: In September 1963, a man known to be engaged in narcotics traffic between Los Angeles and New York City checked in at a Los Angeles hotel under the assumed name of "Martinez." The airline companies were asked to advise the authorities of any reservations made in that name. On September 17, American Airlines informed the Customs Service that such a reservation had been made for an evening flight to New York City. The Customs agent and the police officer stationed themselves near the check-in counter. Shortly before the scheduled departure time of the flight a car drove up to the adjacent curb and both appellants alighted. The Customs agent recognized DeOca as a person he had investigated earlier for possible involvement in narcotics traffic. DeOca took two suitcases from the car trunk, set them on the curb, returned to the car, and drove off. A porter took the bags to the check-in counter and set them on the scale. Cipres followed. The Customs agent observed that the bags weighed 140 pounds, and heard Cipres ask for a reservation in the name "Martinez." The officers identified themselves to Cipres, told her they were conducting a narcotics investigation, and wished to talk with her. In response to their questions, she told them her name was Cipres, but that she sometimes used the name Martinez in traveling. She said the bags contained clothing, but added, in explanation of their weight, that they also contained cosmetics. The officers told Cipres they suspected the bags contained marihuana. She denied it. They asked if they could search the bags. She answered, "Yes, I have nothing to hide," but added that she had left the keys in New York City.

They examined the bags and found them unlocked. The Customs agent opened the bags, discovered the marihuana, and arrested Cipres.

Cipres denied consenting to the search. She testified that the officers accosted her and inquired about the contents of the bags. She asked if they had a search warrant, but they simply proceeded to open the bags. The officers admitted that Cipres asked if they had a search warrant, but only after the Customs agent had opened the bags with her permission and discovered the marihuana.

The district court treated the issue as simply whether or not Cipres told the officers they might search the suitcase. Seeing "no reason why I should disbelieve the testimony of the two officers," the court admitted the evidence.

▆ But the issue the court was required to decide was much broader, and could not be resolved simply by weighing the credibility of Cipres against that of the officers. The issue was whether Cipres had waived her constitutional immunity from unreasonable search and seizure. Waiver, in this context, means the "intentional relinquishment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Such a waiver cannot be conclusively presumed from a verbal expression of assent. The court must determine from all the circumstances whether the verbal assent reflected an understanding, uncoerced, and unequivocal election to grant the officers a license which the person knows may be freely and effectively withheld.[1] We recently sustained a district court finding that such waiver was lacking despite an express verbal consent,[2] and such cases are common.[3] They rest not only upon

---

1. See generally, Comment, 113 U.Pa.L. Rev. 260 (1964).

2. Montana v. Tomich, 332 F.2d 987 (9th Cir. 1964), affirming Application of Tomich, 221 F.Supp. 500 (D.Mont.1963).

3. See, e. g., United States v. Marrese, 336 F.2d 501, 504 (3d Cir. 1964); Pekar v. United States, 315 F.2d 319, 324–325 (5th Cir. 1963); Villano v. United States, 310 F.2d 680, 684 (10th Cir. 1962); Channel v. United States, 285 F.2d 217, 219 (9th Cir. 1960); Higgins v. United

the nature of waiver itself, but also upon a recognition that the purpose of the exclusionary rule is not only to discourage overreaching by police officers, but also, and primarily, to protect the rights of the citizen. The crucial question is whether the citizen truly consented to the search, not whether it was reasonable for the officers to suppose that he did.[4]

Giving full credit to the officers' testimony that Cipres orally consented to the search, a substantial question still remained as to whether she waived her constitutional privilege. A number of circumstances suggest that her assent may have reflected less than a free, deliberate, and unequivocal decision to permit the officers to open the luggage: it was obtained "under color of the badge" and was therefore presumptively coerced;[5] it was coupled with the statement that the bags were locked and the keys unavailable, which on its face would have rendered the consent ineffectual;[6] it was accompanied by assertions that Cipres was innocent and that the suitcases contained innocuous articles and not marihuana, assertions certain to be exposed as false the moment the bags were opened;[7] and admittedly Cipres asked if the officers had a search warrant.

Because of the overly narrow view which the district court apparently took of the question presented, it did not explore and determine the issue of waiver in the light of these and other circumstances surrounding the arrest. We remand the case so that this may be done, either on the present record or after such further hearing as the court may deem appropriate.[8]

 .As we have noted, Cipres was arrested immediately following the discovery of the marihuana. The government urges that the arrest was valid, and that the search should be upheld as incident to it. We have held that a prior search may be valid as incident to a substantially contemporaneous arrest without a warrant if the arresting officers had probable cause for the arrest at the time of the search, and the circumstances suggested that immediate search was necessary to preserve material subject to seizure.[9] Thus the inquiry would

States, 93 U.S.App.D.C. 340, 209 F.2d 819, 820 (1954); Nelson v. United States, 93 U.S.App.D.C. 14, 208 F.2d 505, 513 (1953); Catalanotte v. United States, 208 F.2d 264, 268 (6th Cir. 1953); Judd v. United States, 89 U.S. App.D.C. 64, 190 F.2d 649, 651 (D.C.Cir. 1951). See also Greenwell v. United States, 336 F.2d 962, 967–968 (D.C.Cir. 1964).

4. Manwaring, 16 Stan.L.Rev. 318, 334–35 (1964).

5. United States v. Page, 302 F.2d 81, 84 (9th Cir. 1962).

6. Application of Tomich, supra, note 1, 221 F.Supp. at 503.

7. Channel v. United States, 285 F.2d 217, 221 (9th Cir. 1960); Higgins v. United States, 93 U.S.App.D.C. 340, 209 F.2d 819, 820 (1954); Judd v. United States, 89 U.S.App.D.C. 64, 190 F.2d 649, 651 (1951). See also United States v. Smith, 308 F.2d 657, 663 (2d Cir. 1962). But see Martinez v. United States, 333 F.

2d 405, 407 (9th Cir. 1964), vacated and remanded 85 S.Ct. 953 (March 15, 1965).

8. See Martinez v. United States, 85 S.Ct. 953 (March 15, 1965); Rios v. United States, 364 U.S. 253, 260–262, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960); Masiello v. United States, 113 U.S.App.D.C. 32, 304 F.2d 399, 401 (1962); United States v. Page, 302 F.2d 81, 86 (9th Cir. 1962).

9. Dickey v. United States, 332 F.2d 773, 778 (9th Cir. 1964); Fernandez v. United States, 321 F.2d 283, 286–287 (9th Cir. 1963); Busby v. United States, 296 F. 2d 328, 332 (9th Cir. 1961). See also United States v. Haley, 321 F.2d 956, 958 (6th Cir. 1963). Compare Mosco v. United States, 301 F.2d 180, 187–188 (9th Cir. 1962); Shadoan, Law and Tactics in Federal Criminal Cases 67 (1964); Collins, 50 Calif.L.Rev. 421, 441–42 (1962); Manwaring, 16 Stan.L. Rev. 318, 344–46 (1964); Orfield, 24 La. L.Rev. 665, 681–82 (1964). The Supreme Court has reserved the question. Ker v. State of California, 374 U.S. 23, 42–43, 83 S.Ct. 1623, 10 L.Ed.2d 726

be whether at the moment the bags were searched [10] the officers had reasonably trustworthy information of facts sufficient to warrant a prudent man in believing that Cipres was committing an offense,[11] and that removal of the evidence was threatened.[12] But these also are questions of fact to be decided initially by the district court. That court has not yet done so; having found that Cipres "consented" to the search, the district court thought it unnecessary to determine whether the search might have been valid upon any other ground. Unresolved factual issues were likewise raised by the government's contention that the search was justified by 19 U.S.C.A. § 482.[13] To avoid a further multiplication of hearings and appeals, these issues should be resolved by the district court on remand.

## II

The appellants' remaining specifications of error are insubstantial.

1. It is true, of course, that proof of mere proximity to the drug would be insufficient to establish actual or constructive "possession" within the meaning of 21 U.S.C.A. § 176a.[14] However, the testimony regarding Cipres' responses to the officers' inquiries as to contents of the bags, plus the natural inferences from the evidence as to the placement and movements of Cipres and the suitcases, afforded an adequate basis for the jury's determination that the luggage was in Cipres' immediate physical custody or subject to her dominion and control. Indeed, she testified to as much at the trial, offering an innocent explanation of a possession she did not deny.

---

(1963). See also Stoner v. State of California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964).

It has been suggested that since the rule has been applied only where there were reasonable grounds to believe that imminent destruction or removal of material subject to seizure was threatened (prior to the searches in Busby and Haley the officers saw, and in Fernandez smelled, probable contraband in temporarily stopped automobiles; in Dickey, a probable possessor of narcotics was moving toward a bathroom), and hence is merely an application of the accepted principle that the Fourth Amendment does not preclude a search without a warrant in such "exigent circumstances." Manwaring, 16 Stan.L.Rev. 318, 344 (1964). See also Mosco v. United States, 301 F.2d 180, 187–188 (9th Cir. 1962). The "exigent circumstances" exception to the general rule requiring a search warrant is independent of that permitting a warrantless search incident to a valid arrest (United States v. Ventresca, 85 S.Ct. 741 n. 2 (March 1, 1965); United States v. Jeffers, 342 U.S. 48, 51, 72 S.Ct. 93, 96 L.Ed. 59 (1951); Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948)), and if applicable it would be immaterial that the arrest followed the search, or that there

was no arrest at all. The only relevant inquiry would be whether it was probable that contraband was both present and threatened with imminent removal or destruction.

10. Of course, nothing disclosed by the search could be considered to justify the arrest. United States v. Di Re, 332 U.S. 581, 595, 68 S.Ct. 222, 92 L.Ed. 210 (1948).

11. This accepted definition of probable cause for arrest was most recently restated by the Supreme Court in Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). The "reasonable grounds" to believe that an offense is being committed, authorizing a Customs agent to make an arrest without a warrant under 26 U.S.C.A. § 7607(2), is the equivalent of Fourth Amendment "probable cause." Wong Sun v. United States, 371 U.S. 471, 478 n. 6, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

12. In addition to other facts recited earlier, it appeared that one of the bags had been placed on the airline conveyor belt.

13. See Romero v. United States, 318 F.2d 530 (5th Cir. 1963).

14. Arellanes v. United States, 302 F.2d 603, 606 (9th Cir. 1962).

 2. No argument was offered in support of Cipres' specification of error asserting an insufficiency of proof of knowledge that the bags contained marihuana. Nonetheless, we have satisfied ourselves that the jury could properly infer guilty knowledge from evidence of record which, in the circumstances, we will not pause to detail.

 3. Read in context, the trial court's comments upon the evidence, which Cipres suggests were inaccurate, were of minor importance. The court carefully instructed the jury that it was the sole judge of the facts and that the court's comments might be disregarded. No exception was taken at trial to the portions of the charge which Cipres now attacks. "We can find no plain error therein affecting the substantial rights of the appellants, nor can we find any error which would result in a manifest miscarriage of justice." Gilbert v. United States, 307 F.2d 322, 327 (9th Cir. 1962).

 4. We find no plain error in government counsel's closing argument.

 5. Finally, appellant DeOca's argument that evidence concerning a second seizure of marihuana should have been suppressed as the product of the assertedly illegal prior seizure discussed above cannot be sustained. There is nothing in the record to indicate that the two seizures were related.[15] Appellant DeOca made no suggestion in the trial court that they were. No request was made of the trial court that the evidence be suppressed or excluded as tainted by the earlier seizure, or for any other reason.[16]

Remanded for further proceedings in accordance with this opinion.[17]

---

15. Gray v. United States, 114 U.S.App. D.C. 77, 311 F.2d 126 (D.C.Cir.1962); Lowery v. United States, 258 F.2d 194, 196 (9th Cir. 1958).

16. Westover v. United States, 342 F.2d 684 (9th Cir. 1965); Gilbert v. United States, 307 F.2d 322, 325 (9th Cir.

1962); Billeci v. United States, 290 F.2d 628, 629 (9th Cir. 1961); compare Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

17. Ogden v. United States, 323 F.2d 818, 822 (9th Cir. 1963).