Ramona CIPRES and Juan Montes DeOca, Appellants,

v.

UNITED STATES of America, Appellee.

No. 20235.

United States Court of Appeals Ninth Circuit.

March 31, 1966.

Rehearing Denied May 10, 1966.

Wm. Bryan Osborne, Morris Lavine, Los Angeles, Cal., for appellants.

Manuel L. Real, U. S. Atty., John K. Van De Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Los Angeles, Cal., for appellee.

Before HAMLEY, KOELSCH and BROWNING, Circuit Judges.

BROWNING, Circuit Judge:

Pursuant to our remand (343 F. 2d 95, 100), the district court held an evidentiary hearing and entered detailed findings and conclusions on the issues of waiver and probable cause. The court's ultimate findings were that Cipres had not waived her Fourth Amendment rights, but that at the time the suitcases were searched the officers had probable cause to believe that she was committing an offense and that an immediate search and seizure was necessary to prevent removal of the marihuana. We are satisfied from our examination of the record that those findings, and the subsidiary findings upon which they rest, are supported by the evidence.

Appellants argue that the Customs agents did not have probable cause to believe that Cipres knew the suitcases contained marihuana. As we noted on the first appeal, circumstances known to the officers were sufficient to support the jury's conclusion that the suitcases were in Cipres's immediate possession and subject to her dominion and control (343 F. 2d at 99); *a fortiori*, these circumstances

furnished a sufficient basis for the same inference by the officers. From the facts of immediate possession, dominion, and control, the officers were justified in inferring guilty knowledge—they were not required to assume that Cipres might be able to offer an innocent explanation. Cf. Roviaro v. United States, 353 U.S. 53, 63 n. 14, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Moreover, a warrantless search was justified independently of the propriety of the arrest, for the district court found there was probable cause to believe contraband was both present and threatened with removal. See authorities cited in second paragraph of note 9, 343 F.2d at 99.

■■ Cipres contends that the district court erred in refusing to require the government to disclose the name of an informer who had furnished the Customs agents with the initial tip that a shipment of marihuana was expected from Mexico on the day in question.

There is no direct holding by the Supreme Court on the question of when the government will be required to disclose the identity of its informer in proceedings on a motion to suppress evidence seized in a warrantless search. The rule which the Supreme Court appears to have approved is that "In these cases the Government has been required to disclose the identity of the informant unless there was sufficient evidence apart from his confidential communication." Roviaro v. United States, 353 U.S. 53, 61, 77 S.Ct. 623, 628 (1957). See also United States v. Rosario, 327 F.2d 561, 564 (2d Cir. 1964); United States v. Robinson, 325 F.2d 391, 393–94 (2d Cir. 1963); Costello v. United States, 298 F.2d 99, 101–02 (9th Cir. 1962). Where the officers had sufficient information to establish probable cause aside from that provided by the informer, disclosure of the informer's identity has not been required, for in such circumstances the existence of probable cause did not depend upon the informer's reliability and disclosure of his identity would have served no useful purpose. See United States v. Santiago, 327 F.2d 573, 575 (2d Cir. 1964); United

States v. Elgisser, 334 F.2d 103, 110–111 (2d Cir. 1964); United States v. Fay, 344 F.2d 625, 631–34 (2d Cir. 1965). Compare Lane v. United States, 321 F.2d 573, 575 (5th Cir. 1963). See generally Comment, 53 Calif.L.Rev. 840, 852–59 (1965)

The rule applies to this case. The information which the Customs agents obtained from the informer contributed nothing to the existence of probable cause since the Customs agents had secured exactly the same information from another source. Before the arrest of Cipres the Customs agents overheard a conversation between the intended receivers in which they themselves disclosed the fact that they expected a shipment of marihuana to arrive on the day in question.

The judgments of conviction are affirmed.