THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ROBERT SANDERS, Defendant.

Supreme Court, Criminal Term, Queens County, February 21, 1967.

*Irving Younger* for defendant. *Thomas J. Mackell, District Attorney* (*Timothy Flaherty* of counsel), for plaintiff.

J. IRWIN SHAPIRO, J. Defendant makes this motion to suppress as evidence the marijuana seized by the police which is the basis of the indictment here.

The record discloses that about 3:30 A.M. on May 12, 1966 Detective Michael Tobin of the Narcotic Squad received a telephone call from George Murphy, the supervisor of the Railway Express at Kennedy Airport. Murphy, who had previously given Tobin information in a marijuana case which resulted in a conviction, told Tobin that there was a package in the baggage room which he suspected contained marijuana. Tobin and his partner arrived at Kennedy Airport about 5:00 A.M., and Murphy showed them a cardboard box which was sealed with gummed tape and which had defendant's name on it. There was a hole in the box from which grains of marijuana were seeping. The box gave off a distinct odor of marijuana.

Tobin, who had no search warrant, thereupon slit open the bottom of the carton. It contained 10 packages of marijuana, two or three of which were broken and one of which was punctured. Tobin then resealed the carton, and his partner and he waited for the owner to arrive.

At 3:30 in the afternoon, defendant came to the baggage room and asked if there were a package for Sanders. At Tobin's request, defendant pointed out the package as his and signed for it. He was then placed under arrest.

Two threshold questions require consideration before the merits of defendant's application is reached. One is whether the Fourth Amendment constitutional guarantee against unrea-

sonable searches and seizures extends to a package such as the one here involved, and the other is whether the surrender of custody of such a package to a common carrier forfeits the owner's right to privacy therein and deprives him of standing to seek a suppression order.

The Fourth Amendment of the United States Constitution guarantees that " The right of the people to be secure in their persons, houses, *papers,* and *effects* against unreasonable searches and seizures, shall not be violated ". (Emphasis supplied.) The protection thus granted extends to persons and houses (*United States* v. *Jeffers,* 342 U. S. 48, 51), to a hotel room (*Stoner* v. *California,* 376 U. S. 483) and an automobile (*Preston* v. *United States,* 376 U. S. 364, 366; cf. *Carroll* v. *United States,* 267 U. S. 132, 156). Since the protection of the Fourth Amendment specifically covers " papers, and effects ", no meaningful distinction can be drawn between the right to be secure against unreasonable searches and seizures of a parcel or package and such right as to persons, or premises, or vehicles. (See *Corngold* v. *United States,* 367 F. 2d 1, 7.) Therefore if the search which was here made of the package containing marijuana was unreasonable and if it is not otherwise rescued from constitutional condemnation, a suppression order must be granted.

Since the delivery of a package to a common carrier does not forfeit one's right of privacy thereto (see *Ex parte Jackson,* 96 U. S. 727, 733; *Santana* v. *United States,* 329 F. 2d 854, 856; *Oliver* v. *United States,* 239 F. 2d 818, 820–821), the fact that the package of marijuana claimed by defendant was in the custody of the Railway Express at an airport does not deprive him of standing to assert an invasion of his privacy in the package opened by Detective Tobin.

Thus since the package, as a paper, is within the protection of the Fourth Amendment and since its temporary placement with a common carrier did not cause it to lose that protection, we reach the merits of defendant's motion which is bottomed solely on the proposition that the search of the carton by Detective Tobin *after* he saw marijuana oozing from it and *after* he smelled the odor of marijuana coming from it was unlawful for two reasons. One is that in the circumstances here the search, though concededly constitutionally based upon probable cause, was not justified because it was made without a warrant; the other is that the search was not incident to and contemporaneous with a lawful arrest.

In the abstract, the propositions of law which defendant advances are correct. Ordinarily a search is invalid unless made pursuant to a warrant. There are, however, limited exceptions

to this rule, such as where the search is incident to a lawful arrest which is made contemporaneously with it (*Agnello* v. *United States,* 269 U. S. 20, 30; cf. *Preston* v. *United States,* 376 U. S. 364, 367, *supra*), or where the search and seizure without a warrant are dictated by "exigent circumstances" which make the obtaining of a warrant impractical as in the case of a moving vehicle (*Carroll* v. *United States,* 267 U. S. 132, 156; *Brinegar* v. *United States,* 338 U. S. 160, 176–177), or where contraband is threatened with imminent removal or destruction (*Cipres* v. *United States,* 343 F. 2d 95, 99, n. 9; see *United States* v. *Ventresca,* 380 U. S. 102, 106–107, n. 2; *United States* v. *Jeffers,* 342 U. S. 48, 51, *supra*; *Johnson* v. *United States,* 333 U. S. 10, 14–15; *Pearson* v. *United States,* 150 F. 2d 219, 220).

In the *Cipres* case (*supra*) which dealt with contraband, the court stated that in a case of exigent circumstances "it would be immaterial that the arrest followed the search, or that there was no arrest at all" (p. 99, n. 9); that the only relevant inquiry is whether it was probable that contraband was both present and threatened with imminent removal or destruction. (See, also, *Cipres* v. *United States,* 358 F. 2d 709, 710, cert. den.)

This rule has its basis in reason and common sense. Law-enforcement officers should not be restrained from seizing known contraband which is threatened with imminent removal or destruction simply because at the time of the seizure there is no one present to be arrested. If, for instance, a large package were being loaded by a conveyor belt into a plane about to depart the jurisdiction and a torn part of it exposed the edge of a machine gun, it would make scant sense to contend that an officer would be legally impotent to make a warrantless seizure of that package because the seizure was not incidental to a lawful arrest. In *Cipres* (*supra*) the "exigent circumstances" consisted of the fact that the suitcases were brought to an airport "shortly before the scheduled departure time of the flight" on which they were to be taken.

No such emergent situation existed here for the package of marijuana was being held in the baggage room for the addressee who was to call for it. Therefore, after the detectives arrived, it was not threatened with either imminent removal or destruction, nor would it have been impractical for Tobin to secure a warrant before the package could have been removed, as to the affirmative of which the burden rested on the prosecution (*United States* v. *Jeffers,* 342 U. S. 48, 51, *supra*) since one of the two detectives could have gone for a warrant while the other remained at the baggage room ready to arrest any person calling

for the package, for which arrest there was ample probable cause by reason of the marijuana which was seeping out and the odor of marijuana which it had. Thus there was nothing to prevent the police from securing a warrant on a proper showing. (*Chapman* v. *United States,* 365 U. S. 610, 613–616; *Jones* v. *United States,* 357 U. S. 493, 497–498; *United States* v. *Jeffers,* 342 U. S. 48, 51–52, *supra; Johnson* v. *United States,* 333 U. S. 10, 15, *supra.*) Therefore the opening of the package was an unlawful search since it was too remote from the time of defendant's arrest, some 10 hours later, to be considered a search incidental to and contemporaneous with an arrest.

Defendant uses what he contends is, and what I have determined to be, an unlawful search as the fulcrum for the lever of his argument that the marijuana was unlawfully seized and should therefore be suppressed. In this contention defendant is in error. The unlawful search of the package at 5:00 A.M. is not the alpha and omega as to whether it should be suppressed. *The question rather is whether the unlawful search vitiated and nullified the prior existing sufficient probable cause to arrest (by reason of the odor and the seeping marijuana)* so that the subsequent seizure of the package contemporaneously with defendant's arrest was also unlawful. I answer the question in the negative.

In point is the case of *Hernandez* v. *United States* (353 F. 2d 624, cert. den. 384 U. S. 1008), decided by the Ninth Circuit, which also decided *Corngold* v. *United States* (367 F. 2d 1, *supra*), upon which defendant places a great deal of reliance. In *Hernandez* the defendant was convicted of transporting 114 pounds of marijuana, which the defendant claimed had been secured through an unlawful search and seizure of two suitcases and a brief case. Los Angeles police had observed a recurring pattern in the illicit transportation of marijuana from Mexico to New York, via Los Angeles, in that the couriers flew from Los Angeles to New York, first class, on non-stop flights without advance reservations, all with the same brand of expensive luggage having particular double locks and all of which were exceedingly heavy because of the weight of the marijuana. On the day in question, airport employees notified the police, as they had been requested to do, that defendant fitted the fact pattern of marijuana couriers and that he had just purchased a ticket for a plane departing for New York within two hours. Sergeant Butler, who had participated in four such investigations, came to the airport terminal; found the bags checked in by defendant to be very heavy; pressed their sides together,

forcing air from the interior; smelled the escaping air and detected the odor of marijuana and, with other officers, then located defendant upstairs in a bar and arrested him. A search of defendant revealed a key to an airport locker in which was found a brief case containing two bricks of marijuana, part of the 114 pounds included in the indictment of which defendant was convicted.

The court held that pressing the sides of the suitcase to expel air therefrom by which the odor of marijuana was detected was an "exploratory investigation", an "invasion or quest", a "prying into hidden places for that which was concealed"—in short, a search violative of the Fourth Amendment since it was made without the authority of a search warrant when there was ample time to obtain one, and was not incidental to defendant's subsequent arrest in the upstairs bar. However, finding that the proven pattern of marijuana couriers, all of which fitted defendant, constituted probable cause for Sergeant Butler to believe that the suitcase checked in by defendant contained marijuana, the court affirmed the judgment of conviction despite the *subsequent* unlawful search of the suitcase, saying (p. 628): "The circumstances upon which Sergeant Butler relied were within his knowledge *before* the search was initiated, and were sufficient to justify a reasonable man in believing that the very bags which Sergeant Butler searched did in fact contain marijuana." (Emphasis in original.)

*Corngold* (*supra*) is not to the contrary of the holding in *Hernandez* (*supra*). There is nothing in that case to suggest that there was probable cause to arrest the defendant *before* the unlawful search or that the court intended to hold that an unlawful search would nullify *prior* existing probable cause, if such there were. In *Corngold,* custom agents saw defendant, who was convicted of receiving and concealing smuggled watches, carrying packages into his apartment house. By means of an instrument sensitive to radiation, the agents detected the presence of radioactive material in defendant's apartment. Defendant was then observed taking packages to his car, driving to the Los Angeles airport and arranging for shipment of the packages to New York. There, after again obtaining a positive reaction with their instrument, the agents opened the packages and found a large quantity of watches with radium-treated dials. The packages were then resealed and flown to New York where custom agents, by arrangement, maintained a constant surveillance of the packages until they were claimed three weeks later. There was no finding by the court that there was probable cause for an arrest *prior* to the opening of the packages. The only

intimation in that regard is the statement in the opinion that the agents, after they had conducted a radiation test for the benefit of the airport employee in charge, told the airport employee that " they *suspected* the packages contained watches ". This, of course, is not " probable cause " to *believe*. (See *Henry* v. *United States,* 361 U. S. 98, 104.) The facts in *Corngold* fell short of establishing probable cause to *believe* that the packages contained smuggled watches. Thus viewed, it is obvious that the sole predicate for the holding of the court that the seized packages should have been suppressed was that " all or substantially all of the evidence implicating appellant was secured by the government through exploitation of the information obtained by the illegal search " (p. 8).

The facts in this case fall within the fact pattern of *Hernandez* (*supra*), rather than of *Corngold* (*supra*), for here the police had ample cause for believing, not merely suspecting, that the package contained contraband. To hold that if Detective Tobin in this case had observed the oozing marijuana and detected the marijuana odor and then had done nothing but sat and waited for the defendant to arrive and had then placed him under arrest, at the time seizing and searching the package, it would not be liable to suppression, but that because *after* he already had probable cause for arrest by reason of what he had observed, he then searched the package, his already existing cause for arrest vanished and his prior observations became evanescent outrages common sense and would be extending constitutional protection beyond all intended boundaries. As Justice HOLMES once said: " You cannot carry a constitution out with mathematical nicety to logical extremes. " I, therefore, hold that when Detective Tobin at 5 o'clock in the morning saw the grains of marijuana oozing out of the package and smelled the odor of that marijuana, he *then* had probable cause to arrest whoever would call for that package; that while Tobin's opening of the package constituted an unlawful search, that unlawful search did not nullify or vitiate the antecedent probable cause; and that, therefore, the arrest of defendant some 10 hours later was supported by the probable cause which *preceded* the unlawful search. Consequently, it constituted a lawful arrest and the seizure of the package contemporaneously therewith was a lawful seizure. The motion to suppress is denied.