Arthur L. OLIVER, Appellant,

v.

Raymond Edward AMIOTTE, Appellee.

No. 21405.

United States Court of Appeals
Ninth Circuit.

Sept. 19, 1967.

---

Thomas C. Lynch, Atty. Gen., Daniel Kremer, Deputy Atty. Gen., Sacramento, Cal., for appellant.

Nathaniel Colley, Sacramento, Cal., for appellee.

Raymond E. Amiotte, in pro. per.

Before HAMLEY, JERTBERG and ELY, Circuit Judges.

PER CURIAM:

This is a habeas corpus proceeding instituted in the federal district court by Raymond Edward Amiotte, a California state prisoner. The court, after hearing, granted the application and ordered Amiotte's discharge from custody unless the state granted him a new trial within thirty days. The warden, Arthur L. Oliver, appealed. The district court thereupon stayed the order of discharge pending disposition of the appeal.

On February 16, 1962, Amiotte was convicted in a California state court of possession of narcotics in violation of California Health and Safety Code, section 11500. The conviction was affirmed. People v. Amiotte, 215 Cal.App.2d 176, 30 Cal.Rptr. 102.

In this habeas corpus proceeding Amiotte contended, among other things, that his state conviction was brought about by reason of an unlawful search and seizure. Specifically, Amiotte contended that, applying the test announced in Cipres v. United States, 9 Cir., 343 F.2d 95, 97, he had not consented to the warrantless search of his motel room by police officers at a time when he was in jail.

■ On the basis of the evidence received at the habeas corpus hearing, and applying the *Cipres* test, the district court found that Amiotte had not waived his constitutional immunity from unreasonable search and seizure. On appeal the warden questions the *Cipres* ruling, but we adhere thereto. The warden also challenges the sufficiency of the evidence to support the district court's finding of fact referred to above. In our opinion the finding is not clearly erroneous.

■ Affirmed and remanded for entry of an order discharging applicant from state custody under the judgment in question unless, within thirty days from the date of entry of such order, a new state trial has been ordered for applicant.