**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William Russell ROGERS, Defendant-**
**Appellant.**

**No. 71–1085.**

United States Court of Appeals,
Ninth Circuit.

Dec. 23, 1971.

Rehearing Denied Jan. 17, 1972.

Ralph Nunez (argued), Fresno, Cal., for appellant.

William R. Allen, Asst. U. S. Atty. (argued), Fresno, Cal., for appellee.

Before WRIGHT and CHOY, Circuit Judges, and POWELL,* District Judge.

PER CURIAM:

The District Court, sitting without a jury, convicted Rogers of possessing marijuana on a government reservation and placed him on probation for one year under the Federal Youth Corrections Act. We affirm.

In September 1970, Rogers was camping with friends in Yosemite National Park. At an adjacent campsite, number 219, Sergeant Poschman of the Los Angeles Police Department was vacationing with his family.

Sergeant Poschman was familiar with the way marijuana is used, having been involved in more than one hundred narcotics arrests. On the night of September 19, 1970, he observed several campers, including Rogers, at campsite 217, passing hand-rolled cigarettes and a pipe among their number. He also smelled the strong odor of marijuana.

Next morning the sergeant found a park ranger, Glenn Kottcamp, and described his observations of the previous night. Together, they drove past the campsites. In a second adjacent campsite, number 200, Rogers and two other persons were present. Sergeant Poschman pointed out all three as having been involved in the marijuana party.

Ranger Kottcamp obtained a federal warrant to search campsite 200. That evening, he and four other rangers served the warrant on Rogers, who was cooking soup at the time. The rangers searched the entire campsite, including camping gear, personal belongings and all vehicles parked there. They found no incriminating evidence.

Ranger Kottcamp then searched Rogers, over the latter's objection. In the suspect's wallet extracted from his hip pocket, the ranger found a substance which was later determined to be marijuana.

■ Rogers challenges the legality of the search on two grounds: first, that it went beyond the scope of the warrant; and second, that it was not based on probable cause. We find the facts set out above sufficient to establish probable cause to arrest Rogers, thereby making the search incident to a valid arrest. We do not reach the warrant issue.

Sergeant Poschman was a knowledgeable and experienced eye-witness to the commission of a felony. What he observed constituted probable cause to arrest Rogers.

Rogers contends, however, that this probable cause was vitiated by the fact that Ranger Kottcamp did not arrest Rogers until after the discovery of the marijuana in a search of the latter's person. Appellant would have us infer that the ranger's motivation was to "fish" until he found something and then to arrest the suspect.

* The Honorable Charles L. Powell, United States District Judge, Spokane, Washington, sitting by designation.

It is unnecessary for us to inquire into such subjective factors. A search incident to an arrest is valid if it is "substantially contemporaneous" with the arrest and if there is probable cause to arrest. Cipres v. United States, 343 F.2d 95, 98–99 (9th Cir. 1965); Fernandez v. United States, 321 F.2d 283, 286–287 (9th Cir. 1963); Busby v. United States, 296 F.2d 328, 332 (9th Cir. 1961). We find that the search of Rogers was substantially contemporaneous with the arrest based on probable cause.*

Affirmed.

---

* We decline to follow United States v. Haywood, 284 F.Supp. 245 (E.D.La.1968).