■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALVIN LOUIS MITCHELL, Appellant.— Appeal by defendant from (1) a judgment of the Supreme Court, Queens County, rendered May 6, 1965, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence, and (2) an order of the same court, dated March 12, 1969, which denied his motion for an identification hearing and to vacate the judgment. Judgment and order affirmed. No opinion. Latham, Acting P. J., Cohalan, Brennan and Benjamin, JJ., concur; Munder, J., dissents and votes to reverse the judgment and order a new trial and to dismiss the appeal from the order as academic, with the following memorandum: I think it was error not to admit in evidence the statement by the victim in which she described her assailant. The evidence was sought to be elicited by defendant through a detective who had interviewed her at the hospital to which she was taken after the stabbing. After that interview she could not speak, since she remained under anaesthesia until she died about 10 hours later. The statement was excluded on the ground it failed to satisfy the requirements of a dying declaration, one of the exceptions to the hearsay rule (see Richardson, Evidence [10th ed.], §§ 306–318). Technically, that might be so, but the requirements should not be so strictly enforced when it is the defendant himself who seeks to have the statement introduced and by so doing waives his right of confrontation. Moreover, since the source of the proof is a police officer — someone ordinarily hostile to a defendant — its reliability may be assumed. This, I believe, would accord with the view expressed recently by the Court of Appeals in *People* v. *Arnold* (34 N Y 2d 548, 549–550), when it stated, "Were it necessary to determine whether the deceased's utterance fit within an exception to the hearsay rule, it is observed that this court has in recent years emphasized that the hearsay doctrine has been too restrictively applied to exclude otherwise reliable evidence from the jury (see, e.g., *People* v. *Brown,* 26 N Y 2d 88; *Letendre* v. *Hartford Acc. & Ind. Co.,* 21 N Y 2d 518)." [59 Misc 2d 15.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD L. RE, Appellant.— Judgment of the County Court, Nassau County, rendered April 4, 1973, affirmed (cf. *People* v. *Chestnut,* 43 A D 2d 260; *People* v. *Sanders,* 52 Misc 2d 989). The case is remitted to the County Court, Nassau County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Hopkins, Acting P. J., Martuscello, Latham, Christ and Munder, JJ., concur.