UNITED STATES of America
v.
Clarence Edward **BLALOCK**.
Cr. No. 22244.

United States District Court
E. D. Pennsylvania.
June 22, 1966.

Drew J. T. O'Keefe, U. S. Atty., Joseph R. Ritchie, Jr., Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Samuel Dashiell, Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, District Judge.

This is a motion to suppress twenty-one twenty dollar bills seized by the F.B.I. in a search of defendant's hotel room in Miami, Florida. At defendant's trial, I denied the motion, but later found it necessary to grant a new trial and a new hearing on the motion prior thereto. 253 F.Supp. 860 (E.D.Pa., 1966). From the testimony at that hearing I find these to have been the relevant circumstances:

Defendant was suspected of robbing the Parke Towne Branch of the Broad Street Trust Company. The bank had kept in its cash drawers "bait money", the serial numbers of which had previously been recorded. On the night of July 24, 1965, three agents of the F.B.I. encountered defendant as he entered his hotel lobby. They had no search warrant. After identifying themselves and after some preliminary questioning, defendant, accompanied by an agent, went to the men's room where he was frisked.

The defendant and the agents then proceeded to his room. Defendant opened the door of the room and the party entered. One of the agents questioned defendant about the Philadelphia robbery, but defendant denied any knowledge of the crime. One of the agents then asked defendant whether, since he was not involved in the robbery, he would mind if they searched his room. Defendant replied that he had no objection. It was during the search which then ensued that the money was found.

Generally speaking, a warrantless search and seizure is regarded as unreasonable and violative of the Fourth Amendment. Judd v. United States, 89 U.S.App.D.C. 64, 190 F.2d 649 (1951). In order to overcome the prima facie unconstitutionality of the search here involved, the Government relies solely on the asserted consent of the defendant to the search, in other words, a waiver by defendant of his Fourth Amendment right. However, rights given by the Constitution are too fundamental and too precious for waiver lightly to be found. Commonwealth of Pennsylvania ex rel. Whiting v. Cavell, 244 F.Supp. 560, 567 (M.D.Pa., 1965), aff'd per curiam, 358 F.2d 132 (C.A.3, 1966). It is only where there is "an intentional relinquishment or abandonment of a known right or privilege," Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) that an effective waiver can be found. "A search and seizure may be made without a search warrant if the individual freely and intelligently gives his unequivocal and specific consent to the search, uncontaminated by any duress or coercion, actual or implied. The Government has the burden of proving by clear and positive evidence that such consent was given. * * *" Channel v. United States, 285 F.2d 217, 219–220 (C.A.9, 1960). It is apparent that where consent is relied upon to validate a warrantless search, the Government must prove that the consent was (a) intelligent and (b) voluntary. In Wren v. United States, 352 F.2d 617, at page 618 (C.A.10, 1965), the Court said:

"It is fundamental in our judicial process, as guaranteed by the Fourth Amendment, that we are secure in our persons, houses, papers and effects against unreasonable searches and seizures. This constitutional right, like all others, may be waived by voluntary consent. In order to constitute a voluntary consent it must clearly appear that the search was voluntarily permitted or expressly invited and agreed to by the person whose right is involved. In addition, such person must be cognizant of his rights in the premises, the consent must not be contaminated by any duress or coercion and the government has the burden of proof. * * *"

First, the consent must have been "intelligent." Obviously, the requirement of an "intelligent" consent implies that the subject of the search must have been aware of his rights, for an intelligent consent can only embrace the waiver of a "known right." Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); United States ex rel. Mancini v. Rundle, 337 F.2d 268 (C.A.3, 1964). Certainly, one cannot *intelligently* surrender that which he does not know he has. Cf. United States ex rel. Mancini v. Rundle, supra; Walker v. Pepersack, 316 F.2d 119 (C.A.4, 1963). The agents here properly warned defendant of his right to counsel and his right to remain silent, but they did not warn him of his right to refuse a warrantless search. The Fourth Amendment requires no less knowing a waiver than do the Fifth and Sixth. The requirement of knowledge in each serves the same purpose, i. e., to prevent the possibility that the ignorant may surrender their rights more readily than the shrewd. Conceivably, the assent of the defendant may have been "the false bravado of the small-time criminal," Judd, supra, 190 F.2d at 651; or it may have been an untutored submission to authority. Which it was could have been resolved by the officers at the scene. To require law enforcement agents to advise the subjects of investigation of their right to insist

on a search warrant would impose no great burden, nor would it unduly or unnecessarily impede criminal investigation. Here, the evidence shows no such warning, nor is there any other evidence that Blalock was aware of his Fourth Amendment right. It cannot be said, then, that the Government has sustained its burden of showing that there was an intelligent waiver of a known right. Commonwealth of Pennsylvania ex rel. Whiting v. Cavell, 244 F.Supp. 560, 567 (M.D.Pa., 1965), aff'd per curiam, 358 F.2d 132 (C.A.3, 1966). This being so, we need not consider whether the consent was voluntary.

Defendant's motion to suppress will be granted. It is so ordered.