Hardy ROSENTHALL, Petitioner-Appellee,

v.

C. Murray HENDERSON, Warden, Respondent-Appellant.

No. 17889.

United States Court of Appeals
Sixth Circuit.
Feb. 14, 1968.

---

David W. McMackin, Asst. Atty. Gen. of Tennessee, Nashville, Tenn., for appellant. George F. McCanless, Atty. Gen. & Reporter of Tennessee, of counsel.

Robert E. L. Sutton, Nashville, Tenn., for appellee.

Before WEICK, Chief Judge, COMBS, Circuit Judge, and CECIL, Senior Circuit Judge.

COMBS, Circuit Judge.

In this habeas corpus proceeding the district judge entered judgment directing that Hardy Rosenthall, a prisoner at the Tennessee State Penitentiary be released from custody. The warden, as representative of the State of Tennessee, has appealed.

Rosenthall was convicted in a Tennessee state court in 1964 of the offense of robbery with a deadly weapon and sentenced to ten years imprisonment. The case was taken to the Tennessee Supreme Court where the judgment was affirmed. One of the issues in the state court trial was whether a wallet allegedly taken from the victim of the robbery and introduced in evidence against Rosenthall was the fruit of an illegal search. The question arose in this manner:

Rosenthall was arrested at his place of employment and taken to jail. He was questioned and denied any part in the robbery for which he was arrested. He was questioned again the next day by two police officers and again denied any knowledge of the robbery. According to the officers, they asked Rosenthall's permission to search his apartment and he voluntarily consented to the search. The officers searched Rosenthall's apartment without a search warrant and found the wallet in question in a dresser drawer.

Rosenthall's version is different. He testified that the officers did not request permission to search his apartment. He also testified that the officers beat him about the legs and head with a hammer and a blackjack in an effort to obtain a confession; that he told the officers he had won the wallet from the prosecuting witness in a "crap game" and it was at his home in a dresser drawer; that the officers had possession of his keys and used the keys to gain access to his apartment.

At the state court trial the judge held, after a hearing out of the presence of the jury, that Rosenthall had consented to the search and that, consent having been obtained, no search warrant was necessary.

The Tennessee Supreme Court did not find error in the trial court's holding that there had been voluntary consent to the search. The court stated that there was sufficient testimony to convict the defendant without evidence as to the wallet.

The district judge, after an evidentiary hearing on the habeas corpus petition, held that Rosenthall's Fourth Amendment rights had been violated in that "Petitioner did not knowingly and intelligently waive the right to a search warrant * * *" We affirm on the basis of the district judge's finding of fact.

■■ It was held by this Court in Simmons v. Bomar, 349 F.2d 365, 366

(1965), that consent to a search, in order to be voluntary, must be unequivocal, specific and intelligently given, uncontaminated by any duress or coercion, and is not lightly to be inferred. That case also holds that the Government has the burden of proving that such consent has been given. Also see Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1089 (1938).

Counsel for the Government apparently is under the impression that the district judge held as a matter of law that it was necessary for the officers to inform Rosenthall prior to his consent that he had the right to withhold consent in the absence of a warrant. We do not think this is the necessary inference from the judge's holding. We read his memorandum opinion as holding only that the Government had failed to sustain the burden of showing that Rosenthall's consent was intelligently given because, as was said in *Johnson*, there was no showing of "an intentional relinquishment or abandonment of a known right or privilege." For istance, it is said in the judge's memorandum opinion, "The Court finds nothing in the record to indicate that petitioner was in fact aware of his right to refuse to give his consent to the search; * * *" From that premise he reasons that Rosenthall, not being aware of his Fourth Amendment right, could not intelligently relinquish it.

■ It is true that the district judge relies heavily on United States v. Blalock, 255 F.Supp. 268 (D.C.Penn.1966), which apparently holds that a subject must be informed of his right to refuse before legal consent can be obtained to search without a warrant. It is noted, however, that in *Blalock* it was also said that there was no evidence to show that Blalock was aware of his Fourth Amendment right. In other words, the Government had failed on the whole case to sustain its burden of proving that consent to search was intelligently given. But regardless of the interpretation which should be placed on *Blalock*, we adhere to the rule that whether consent is freely or intelligently given is an issue of fact to be decided by the trial judge like any other factual issue. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1089 (1938); Rees v. Peyton, 341 F.2d 859 (4th Cir. 1965); Burge v. United States, 332 F.2d 171 (8th Cir. 1964); Robinson v. United States, 325 F.2d 880 (5th Cir. 1964); United States v. Page, 302 F.2d 81 (9th Cir. 1962).

■ The failure to advise the defendant of his right to withhold consent is only one factor to be considered. The failure to so advise might have more weight in one case than in another. To advise a person with experience or training in this field that he has the right to refuse consent would be a waste of words. To fail to so advise another, who by low mentality or inexperience is obviously ignorant of his rights, might in some cases be decisive. Other cases would doubtless fall between these two extremes.

■ It was found by the district judge here that consent was not intelligently given because Rosenthall did not know that he had the right to refuse. The finding is not clearly erroneous. In fact, it seems to us that the weight of the evidence is to that effect.

■■ We agree also that introduction of the wallet cannot be considered as harmless error. The test is not whether there was sufficient evidence to convict without that which is challenged; the test is whether the evidence complained of might have contributed to the conviction. Fahy v. State of Connecticut, 375 U.S. 85, 86–87, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963). Also see Chapman v. State of California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), where it was said: "[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."

Affirmed.