## Commonwealth v. Croll

*M. Joseph Melody, Jr.*, for Commonwealth.
*Joseph R. Polito, Jr.*, for defendant.

KURTZ, J., July 15, 1970.—In this case, we must consider defendant's motion to suppress tangible evidence.

## FINDINGS OF FACT

1. On March 23, 1970, at about 1:50 a.m., Francis G. Jaros, a police officer for Easttown Township, in this county, observed the automobile of defendant proceeding in a westerly direction on Route 30 in said township operating in such a way as to straddle the dividing line which designated the two westbound lanes.

2. Having made that observation, the officer signaled defendant to stop her car and when she did so, she alighted therefrom, leaving the door on the driver's side open, and met the officer who had alighted from his car at about the front end of his automobile which was parked to the rear of hers.

3. The officer asked defendant, who was alone, to produce her registration and operator's cards, and at about the same time noticed smoke emerging from the open door of her automobile.

4. As defendant searched in her handbag for the cards requested, the officer went to the open door of her automobile and at that time identified the smoke coming from it as being that produced by burning marihuana. He directed the beam of his flashlight into the automobile and observed through the windshield a smoking pipe lying on the dashboard in front of the driver's position.

5. The officer returned to defendant and, noting that she was having difficulty locating her cards, directed the beam of his light into her open handbag in an effort to assist her. In so doing, he observed a vial in the handbag.

6. Upon making that observation, the officer asked defendant whether she had a prescription for the pills contained in the vial, and without more she then handed the vial to him.

7. Upon receiving the vial, the officer observed that

it did not contain pills but that it had a substance in it which resembled marihuana.

8. The officer then placed defendant under arrest for having possessed that drug, advised her that she need not make a statement, that she was entitled to legal representation, that any statement she did make could be used against her in court, and that legal advice would be provided if she could not afford it. He then returned to the automobile and confiscated the pipe which he had theretofore observed.

By this application defendant seeks to have the pipe and the vial of marihuana suppressed as evidence.

## DISCUSSION

We believe the motion must be granted.

The seizure of the vial of marihuana violated the provisions of the Fourth Amendment of the Federal Constitution as those provisions are applied to the States through the operation of the fourteenth amendment.

In United States v. Blalock, 255 F. Supp. 268 (E. D. Pa., 1966), it was held that where consent is relied upon to validate a warrantless search, the government must prove that the consent was intelligent and voluntary. It is only where there is an intentional relinquishment or abandonment of a known right or privilege that an effective waiver of constitutional protection can be found. The consent by which an item of incriminating evidence is delivered to a police officer must have been an intelligent one. At page 269 of the court's opinion, it said this:

"Obviously, the requirement of an 'intelligent' consent implies that the subject of the search must have been aware of his rights, for an intelligent consent can only embrace the waiver of a 'known right' . . . Certainly, one cannot *intelligently* surrender that

which he does not know he has . . . The agents here properly warned defendant of his right to counsel and his right to remain silent, but they did not warn him of his right to refuse a warrantless search. The Fourth Amendment requires no less knowing a waiver than do the Fifth and Sixth. The requirement of knowledge in each serves the same purpose, i.e., to prevent the possibility that the ignorant may surrender their rights more readily than the shrewd." (Italics supplied.)

This decision has been cited with approval by the Court of Appeals of the Third Circuit in the case of United States ex rel. Gockley v. Myers, 378 F. 2d 398, 399 (1967), and again in the case of the Government of the Virgin Islands v. Berne, 412 F. 2d 1055, 1062 (1969).

This is not a case in which defendant gave the officer the incriminating evidence without prompting on the part of the officer. Had she walked up to him and proferred the damning vial so that she might clear her conscience by surrendering to a law enforcer contraband material which she had no right to possess, the situation presented would be quite different. This officer made the initial reference to the vial. It was in response to his inquiry that defendant delivered it to him. This defendant, who was the car's only occupant, became suspect when the officer identified the smell of burning marihuana in the smoke which emanated from her car. The observance of the pipe on its dash strengthened that suspicion. Officer Jaros was then in a situation comparable to that of Officer Zevtchin in Commonwealth v. Jefferson, 423 Pa. 541 (1967). Concerning his interrogation of defendant in that case the Supreme Court said, at page 545 of its opinion:

"However, when the statements were made in response to questions of Officer Zevtchin a new situation had arisen. As of then, Zevtchin knew there had

been a stabbing and Jefferson was, by her own admission, the perpetrator. She should immediately have been adivsed of her right to remain silent before further questioning ensued, and such warning not having been given renders her statements made from that point on constitutionally inadmissible."

Jaros' conduct in this case was subject to the same constitutional regulation as was Zevtchin's in that one. When he exceeded the bounds of that regulation, all that followed which flowed from that excess was tainted by it.

The Commonwealth has not shown that defendant's surrendering of the vial was based upon an intelligent and voluntary consent. For that reason, the vial and its contents must be suppressed as evidence. Because the acquisition of the vial was the cause upon which defendant's arrest was based, the arrest may not be found to be lawful. Since the arrest was not lawful, the seizure of the pipe which followed immediately was not incident to a lawful arrest and for that reason it, too, must be suppressed as evidence in this case.

Accordingly, defendant's motion is granted and it is directed that the vial of marihuana taken from defendant's handbag on the morning in question and the pipe confiscated from her automobile at the same time are hereby suppressed as evidence in the trial of this case.