**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lee Roy THURMAN, Defendant-
Appellant.**

**No. 20728.**

United States Court of Appeals,
Sixth Circuit.

April 19, 1971.

Thomas O. Helton, Chattanooga, Tenn., for defendant-appellant.

George H. Garrett, Asst. U. S. Atty., Chattanooga, Tenn., for plaintiff-appellee.

John L. Bowers, Jr., U. S. Atty., Chattanooga, Tenn., on brief.

Before PHILLIPS, Chief Judge, and BROOKS and KENT, Circuit Judges.

KENT, Circuit Judge.

By a verdict of a jury appellant was found guilty of violation of the Internal Revenue Laws relating to intoxicating beverages. The First Count of the Indictment charged transportation of distilled spirits without tax stamps in violation of Title 26 U.S.C.A. §§ 5205(a) (2) and 5604(a) (1). The Second Count charged illegal possession of 49 gallons of non-tax paid whiskey in violation of Title 26 U.S.C.A. § 5685(a).

The arrest occurred on November 17, 1969, and the subsequent conviction arose out of the following facts. A Tennessee Highway Patrolman received information from a confidential informant, prior to November 17, 1969, stating that the appellant was making whiskey and had been observed loading whiskey in a car. The informant also told the Highway Patrolman that the appellant would be hauling whiskey into Chattanooga "in a couple of days." The Tennessee Highway Patrolman testified that he had received information from the same informant on at least one previous occasion in regard to violation of the liquor laws which resulted in a raid on a still. Testimony developed that the informant was a law enforcement officer working for the county where the appellant resides.

Testimony shows that on the night before the 17th of November, the Highway Patrolman had stopped the appellant and observed that the vehicle in which the appellant was arrested was riding "high" in the rear. On November 17 the Highway Patrolman observed the appellant driving the same vehicle on the highway in the direction toward Chattanooga, the Patrolman observed that on this occasion the rear of the vehicle "was setting down." Appellant was stopped, there was some conversation unrelated to the offense in question, and there is a dispute in the evidence as to what occurred in regard to the opening of the trunk of the car. The United States claims that there was a consent to a search and claims, in addition, that the search was lawful in any event.

We do not consider the issue of consent but draw attention to the decision in this Circuit, Simmons v. Bomar, 349 F.2d 365 (6th Cir. 1965), where the Court said at page 366:

"Consent to a search, in order to be voluntary, must be unequivocal,

specific and intelligently given, uncontaminated by any duress or coercion, and is not lightly to be inferred [citation]. The Government has the burden of proving that such consent has been given [citation]. When these standards are met, it is well settled that a search may be made without a search warrant if voluntary consent has been given [citations]."

and also see Rosenthall v. Henderson, 389 F.2d 514 (6th Cir. 1968).

Appellant made appropriate motions for suppression of the evidence which were denied by the trial court after hearing. The appellant's principal reliance is upon Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.E.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), each of which appears readily distinguishable as are the other cases cited by the appellant. In neither *Aguilar* nor *Spinelli* was there any *factual* information in regard to illegal activities on the part of the alleged criminal. The search warrants were, as pointed out by the Supreme Court, issued on the basis of conclusions and suspicion, whereas, in the instant case the Highway Patrolman knew the informant, knew that he was a law enforcement officer, had had prior experience with the informant and was informed that in fact the appellant was making illegal whiskey and that the appellant had been observed loading illegal whiskey into a car.

The facts in this case bear more resemblance to those in Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), where the search of an automobile was held to be lawful. In *Brinegar* the Supreme Court, in discussing what constitutes probable cause, quotes from Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), and states at page 175 of 338 U.S., at page 1310 of 69 S.Ct.:

" * * * it has come to mean more than bare suspicion: Probable cause exists where 'the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed."

We think that United States v. Thacker, 382 F.2d 732 (6th Cir. 1967), is controlling. In that case a Government Agent had received information over the telephone from a person, known to him, that the appellant would be in a certain location in a few minutes driving a described type of vehicle and that he would have whiskey in his car. In rejecting the challenge to the search based upon the information from a known informant from whom the Government Agent had never previously received information, this Court said at page 734:

"In the instant case, the arresting officer had information from an informer whom he knew personally and whom he had no reason to doubt. We reject appellant's contention that this information should not be credited since the informer was unnamed and had never previously given any information to the agent. * * * Moreover, we hold that the trustworthiness of the informant may be established in ways other than prior reliability as a tipster. Here agent Bauer knew his informant and had no reason to doubt him."

In the present case we have a known informant who had given information before, who stated that the appellant would be hauling illegal whiskey to Chattanooga "within a couple of days." The Highway Patrolman who received the tip observed the appellant driving in the direction of Chattanooga with a car heavily loaded in the rear which he knew to be a different "profile" than that the car had had on a very recent day. This Court is of the opinion that the officer had probable cause to stop the appellant and search the motor vehicle and make the arrest either himself or in company with another

officer, who arrived on the scene within less than an hour from the time the appellant was first stopped.

For the reasons herein stated the judgment of the Trial Court is affirmed.