115 N.J. Super. 128 (1971)
278 A.2d 498
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CLIFTON RICE, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 1971.
Decided June 16, 1971.
*129 Before Judges KILKENNY, HALPERN and LANE.
Mr. Edward P. Hannigan argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mr. Hannigan, of counsel and on the brief).
Mr. R. Benjamin Cohen, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney; Mr. Cohen, of counsel and on the brief).
The opinion of the court was delivered by HALPERN, J.A.D.
Defendant appeals from a judgment of conviction, entered on a jury verdict, charging him with the unlawful possession of heroin. N.J.S.A. 24:18-4. The narrow issue on appeal is whether the court erred in not suppressing the evidence seized as the result of an alleged unlawful arrest.
The only witness called by the State at the suppression hearing was Detective McCummings of the Newark Police Department. He testified that as the result of undisclosed phone calls received by the police pertaining to narcotics, he and Detective McNulty went to 114 Broad *130 Street, Newark, New Jersey, to investigate. They had not obtained a search or arrest warrant. The critical portion of his direct and cross-examination testimony follows:

(Direct)
Q And when you got to 114 Broad Street, what, if anything, did you do?
A I went to the front of the  it's in the basement, the front door, and my partner went around to the rear.
Q And when you were in the front, what, if anything, did you do?
A I knocked at the door.
Q As you knocked on the door, what happened?
A The gentleman, Mr. Cliff Rice, opened the door. I at this time identified myself as a police officer.
Q When you identified yourself as a police officer, was the door opened?
A It was opened, yes sir.
Q And as you identified yourself as a police officer, what, if anything, happened?
A I then entered the apartment with Mr. Rice and approximately three feet in the apartment I observed Mr. Rice with his left hand put a white object on a small bed that was in the apartment. I immediately picked up this object and found it to be one glassine envelope containing a white powder.

(Cross)
Q Now Officer McCummings, you say that you knocked on the front door and it was opened by Cliff Rice. Is that correct?
A Yes, sir.
Q And thereupon you identified yourself to him?
A Yes, sir.
Q And then what happened?
A As I entered the apartment, approximately two to three feet, Mr. Rice at this time placed a white object on a small bed that was in the apartment.
Q So that you had entered the apartment when you saw him place this object on the bed?
A Yes, sir.
Q Now, how did you enter the apartment?
A Through the door that Mr. Rice had opened.
Q Did he invite you into the apartment?
A There were no words that say come in.
It is clear from the quoted testimony that McCummings unlawfully entered the apartment, and that he was in a place where he had no right to be when he observed defendant put a white object (heroin) on a bed. Based on the record *131 before us, McCummings did not have probable cause to enter the apartment to make an arrest or search. If probable cause for an arrest or search existed, he should have obtained an arrest or search warrant, since no emergency or other legal reason existed for not getting one. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Chapman v. United States, 365 U.S. 610, 614-615, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961). Since McCummings' entry was improper, the arrest and search were invalid as the unlawful fruits thereof. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).
The State admits that if McCummings unlawfully entered the room before he saw the narcotics, the arrest and search would be invalid. However, it argues the trial judge could conclude that defendant by his silence "impliedly consented to the officer's entry into the apartment," thus validating the arrest and search. We disagree. At best, the entry was permitted in submission to authority. Johnson v. United States, supra, at 13, 68 S.Ct. 367.
Where the State relies on a defendant's consent to enter his home to make a search without a warrant, it has the heavy burden of proving by clear and positive evidence that the consent was unequivocally, intelligently and voluntarily given. Bumper v. North Carolina, 391 U.S. 543, 548-549, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); State v. King, 44 N.J. 346, 352 (1965); United States v. Page, 302 F.2d 81 (9 Cir.1962); State v. Moore, 156 N.W.2d 890, 893 (Iowa Sup. Ct. 1968). See also to the same effect, State v. Orr, 93 N.J. Super. 140 (App. Div. 1966), where Detectives McCummings and McNulty were involved in a similar situation.
While we need not go so far in this case, it has been held that where the State claims a constitutional right has been voluntarily waived it must show defendant knowingly abandoned it. See State v. King, supra, 44 N.J. at 352. In conformity *132 therewith, other jurisdictions have required the State to show defendant was warned or advised that he need not permit an entry and search. See Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Schoepflin v. United States, 391 F.2d 390, 398 (9 Cir.1968), cert. den. 393 U.S. 865, 89 S.Ct. 146, 21 L.Ed.2d 133 (1968); Rosenthall v. Henderson, 389 F.2d 514, 516 (6 Cir.1968); United States v. Thompson, 356 F.2d 216 (2 Cir.1965), cert. den. 384 U.S. 964, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966); Wren v. United States, 352 F.2d 617 (10 Cir.1965), cert. den. 384 U.S. 944, 86 S.Ct. 1469, 16 L.Ed.2d 542 (1966); Cipres v. United States, 343 F.2d 95, 97 (9 Cir.1965), cert. den. 385 U.S. 826, 87 S.Ct. 58, 17 L.Ed.2d 62 (1966); United States v. Barton, 282 F. Supp. 785, 787-788 (U.S.D.C.-Mass. 1967).
The State requests that if we conclude the record is unclear on "whether the officers were in a place where they had a right to be when they observed the contraband in plain view," we should remand the motion to suppress for additional testimony. There is no merit to the request. Firstly, the record is clear that McCummings unlawfully entered the home. Secondly, no sound reason exists in this case to give the State a second chance to bolster its proofs. In fact, at the time of oral argument, the prosecutor was unable to tell us what additional proofs he could submit. Presumably it presented all its proofs at the suppression hearing, and on appeal our function is to review the trial judge's determination based on the evidence before him, giving due weight to his opportunity to see and hear the witnesses.
The order denying the motion to suppress and the judgment of conviction are reversed.