126 N.J. Super. 572 (1974)
316 A.2d 16
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MICHAEL MILLER AND WILLIAM LORBER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 21, 1974.
Decided February 14, 1974.
*573 Before Judges LYNCH, MEHLER and MICHELS.
Mr. R. Peter Connell, Assistant Prosecutor, argued the cause for appellant (Mr. John S. Kuhlthau, Middlesex County Prosecutor, attorney; Mr. Lawrence Silver, Assistant Prosecutor, on the brief).
Mr. Michael Suffness, Assistant Deputy Public Defender, argued the cause for respondents (Mr. Stanley C. Van Ness, Public Defender, attorney).
The opinion of the court was delivered by MEHLER, J.A.D.
By leave of court the State appeals a portion of an order suppressing evidence. Following an anonymous telephone call that a party was in progress in a certain apartment and that a large quantity of marijuana was present, police officers went to the apartment. When one knocked on the door, Officer Haskins asked that it be opened. Defendant Lorber complied with the request. When the door was opened more than a quarter of the way, Officer Reff was able to look into the apartment. There he saw a large copper tray and six hand-rolled cigarettes which, based on his experience and training, appeared to him to be marijuana cigarettes. Reff thereupon entered the apartment and arrested Lorber and one Vincere. Reff testified that before Lorber and Vincere were taken out of the apartment by the police "a lot of creaking overhead" was heard. When a detective asked *574 if anybody was upstairs Lorber was said to have replied, "Why don't you go up and see?" Reff thereupon went upstairs to the attic and as he got to the top step he saw in the attic seven large plastic bags which contained marijuana. The bags were seized.
Lorber and Vincere denied there was any creaking noise from the attic or any discussion about it. A female, Ebert, who was found in the apartment, testified that Lorber and Vincere were removed from it before Reff went to the attic.
The trial judge denied the motion to suppress the seizure of the six cigarettes found in the apartment and their use as evidence on the ground that they were in plain view and hence could be seized without a warrant. See State v. Griffin, 84 N.J. Super. 508, 519 (App. Div. 1964); State v. McKnight, 52 N.J. 35, 56-57 (1968); cf. State v. Smith, 37 N.J. 481, 496 (1962); State v. Jordan, 115 N.J. Super. 73 (App. Div. 1971). Defendants do not appeal from the portion of the order denying this part of the motion.
The judge granted the motion to suppress the seven bags of marijuana as evidence. Citing State v. Rice, 115 N.J. Super. 128, 131 (App. Div. 1971), he held that Lorber could not legally consent to a search of the attic because he was not the tenant (Miller appears to have been but was not then in the apartment). See also Bumper v. North Carolina, 391 U.S. 543, 548-549, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). We refrain from passing on this holding because the State does not take issue with it and does not endeavor to justify the seizure on the basis of consent. But see, State v. Hagan, 99 N.J. Super. 249 (App. Div. 1968).
The judge reasoned that having arrested two offenders, the police had no right to search any area other than the one within the immediate control of the two persons arrested, and said that a search warrant could have been applied for and obtained. It is clear that a search incidental to a lawful arrest may generally not extend beyond the person and the area within his immediate control from within which he might obtain a weapon or destroy evidence. Chimel v. California, *575 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The State, however, argued in the court below, as it does here, that the seizure of the seven bags of marijuana in the attic was proper because they were in plain view of the officer who was investigating the noises which could lead an officer to believe that other persons were present in the apartment. The State contends that because policemen have become targets of criminals, Officer Reff had the right to investigate the creaking noises to protect the safety of the officers in the apartment and thus had a right to go to the source of the noises.
Thus far the Supreme Court of the United States and the courts of our State have held that there are only a few specifically established and well delineated situations in which a dwelling house may be searched without a warrant. They are summarized in State v. Allen, 113 N.J. Super. 245 (App. Div. 1970):
These exceptions will exist if there is consent, or if the police involved were responding to an emergency, or if they were in hot pursuit of a fleeing felon, or if the goods were in the process of destruction, or if they were about to be removed from the jurisdiction. [citing cases] And, of course, when an individual is arrested, only his person and the area within his immediate control may be searched  i.e., that area from which he might gain possession of a weapon or destroy evidence. [at 251]
See also, Vale v. Louisiana, 399 U.S. 30, 33, 90 S.Ct. 1969, 1971, 26 L.Ed.2d 409, 413 (1969).
Neither the United States Supreme Court nor the Supreme Court of New Jersey has, so far as we know, dealt specifically with the problem before us, namely, to what extent law enforcement officers lawfully in a home without a warrant may search or investigate an area beyond the immediate area of the place of arrest to learn whether there are other persons in the home who may prove to be a source of danger to the arresting officers. Our own Supreme Court has spoken of protection, but in a limited way. In State v. Gray, 59 N.J. 563 (1971), the court said (at 569), "It is well *576 settled that pursuant to a valid arrest a police officer may search a defendant and the area within his reach to protect himself from attack, * * *." United States v. Briddle, 436 F. 2d 4 (8 Cir.1970), cert. den. 401 U.S. 921, 91 S.Ct. 910, 27 L.Ed.2d 24, cited by the State, is of no assistance. There, police arrested defendant in his home and fanned out to make a quick search of the apartment to determine whether other persons were present who might prevent defendant's arrest or detention or present a danger to the officers. In doing so the police found a shotgun, for which defendant was prosecuted and convicted. The court held that the shotgun was validly seized as an incident of Briddle's arrest. The case does not stand as an authority for the State inasmuch as Briddle did not question the right of the officers to make his arrest and in connection with it and as a security measure to conduct a cursory search of the apartment for other persons. In short, the court did not have to meet the question.
We hold that the police did have the right under the circumstances related by Officer Reff to investigate noises in an area distant from the point of arrest and to seize contraband which came into his plain view during the course of that investigation. The court below did not deal with this subject either factually or legally. It did speak of an exploratory search but did not specifically deal with the argument advanced by the State.
We reverse and remand the case to the court below to determine, on the evidence already presented and on such other evidence as may be offered by the parties, whether Officer Reff was, for security reasons, investigating noises when he came upon the seven bags of marijuana. If that was his purpose, and the marijuana came into his plain view, then the motion to suppress the seven bags of marijuana as evidence should be denied.
We retain jurisdiction in the event the motion to suppress is granted.