UNITED STATES of America

v.

Ronald CORBITT, Appellant, and James Curtis Johnson.

No. 75–1975.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 8, 1976.

Decided Aug. 27, 1976.

---

16. *See* H.R.Rep.No.2320, 82d Cong. 2d Sess. (1952); 2 Collier on Bankruptcy ¶ 23.08[4], at 545.

James Herman and Murray N. Sufrin, Sufrin & Herman, P.C., Cherry Hill, N. J., for appellant.

Jonathan L. Goldstein, U. S. Atty., John J. Barry, James A. Plaisted, Asst. U. S. Attys., Newark, N. J., for appellee.

Submitted under 3rd Cir. Rule 12(6)
June 8, 1976.

Before VAN DUSEN, GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This appeal challenges a July 16, 1975, judgment and commitment entered as a result of defendant-appellant's guilty plea to Count I of a two-count indictment. The indictment charged the defendant and a co-defendant with unlawfully taking by force $22,865. from the Atlantic National Bank in Pleasantville, New Jersey, in violation of 18 U.S.C. § 2113(a) and § 2. As more fully set forth below, we remand for a hearing on defendant's claim that he had ineffective assistance of counsel at the time of the entry of his guilty plea.

The pertinent facts are as follows. On February 20, 1975, defendant-appellant Ronald Corbitt, who was represented by appointed counsel, entered a not guilty plea to Counts I and II of the above indictment.

Subsequently defendant voiced complaints that his appointed counsel was not properly representing him. As a result, James Herman, Esq. was ordered to be substituted as counsel on April 25, 1975.

In early May, defendant's new counsel, Mr. Herman, filed motions to suppress (1) the testimony of an F.B.I. agent to whom Corbitt had allegedly conceded his participation in the robbery, as well as a written report by the agent confirming the admission, and (2) certain identification testimony and other allegedly inadmissible evidence. On May 7, 1975, after a suppression hearing conducted over a three-day period, following the selection and swearing of the jury, the trial judge denied the motions to suppress. Later on the same day, Mr. Herman, as counsel for Corbitt, moved for a withdrawal of the not guilty plea and entry of a guilty plea to Count I of the indictment, using *inter alia*, this language:

"Yes, Your Honor. Late yesterday afternoon and early this morning I had an opportunity to confer with my client concerning the status of criminal indictment 75–60, and he has indicated to me that he wishes to retract his plea of not guilty and to enter a plea of guilty to violation of Title 18, United States Code, Section 2113(a).

"It is my understanding that the Government would at the time of sentencing move for dismissal of Count Two of that indictment, which is the count pertaining to armed bank robbery.

"Your Honor, it is our further understanding that there is presently pending a federal check charge of obtaining money under false pretenses against Mr. Corbitt arising out of the Atlantic City Federal Postal Department. I don't have any information about this particular check charge, but Mr. Corbitt would desire to plead to an Information as to that charge and be sentenced at the same time for both this bank robbery indictment and the information on the check charges, and it is our further understanding that he would receive a concurrent sentence on

the check charge to the sentence that would be imposed on the bank charge."[1]

Subsequently, Corbitt filed a motion to withdraw his guilty plea to Count I. This motion came before the court on July 16, 1975. At that time, his counsel (Mr. Herman) made these statements, *inter alia:*[2]

"MR. HERMAN: The point that Mr. Corbitt made was that I gave him certain advice in regards to appeal rights, and that I failed to advise him adequately as to waiver of certain issues on appeal that would be the result of entering a guilty plea. At the time that the plea retraction was entered and the guilty plea entered to Count # 1 of this indictment, I had discussed with Mr. Corbitt the fact that he would still have appeal rights. We did not specifically discuss the issue of waiver of certain rights and appeals of certain issues.

"It is, of course, the law that by entering a plea of guilty, you do waive the majority of rights to appeal a certain specific issue and you may be limited to issue collaterally attached to the guilty plea.

"It was at the time the guilty plea was entered he stated on the record that the plea was, in part, the voir dire, and the testimony of the witnesses on voir dire was, in part, the result of our having just then received some discovery which we had never had before. It was, in part, the result of your Honor's decisions as to identification statement issues that were presented in voir dire, and it was my hope that in so doing I would preserve those issues by stating on the record that they were specifically elements that entered into Mr. Corbitt's decision to enter his plea of guilty to this charge. It was my hope that in the event that this matter was appealed, that the guilty plea was appealed, that Mr. Corbitt would be allowed to pursue those issues on his appeal.

"This is the basis of Mr. Corbitt's contentions in his motion, as far as I am concerned, is that he felt he was not fully and adequately advised as to the specific areas.

"THE COURT: I would think an Appellate Court would determine that, would it not?

"MR. HERMAN: Yes, Your Honor. Naturally the definition of collateral attack is subject to many, many definitions. The area is still what we consider to be a gray area.

"In one instance the Court's decision on voir dire may be deemed to have been

---

1. The transcript continues as follows:

"My client has further asked me to announce to the Court that he apologizes for the delay in the entering of this retraction of his not guilty plea, but that the reason for this delay was that under the Jencks Act discovery rules he was not fully apprised of the government's case against him, and after hearing the evidence and the voir dire on the statement and the in-court and out-of-court identifications he now has a much better idea of the government's case against him and for the first time has been fully apprised of the case against him; therefore, this is the first opportunity that he has had to make a really knowingly intelligent decision as to whether or not to plead guilty in this matter. The guilty plea is also being entered, of course, on the basis of the fact that Your Honor did deny the motion to suppress the statement and the in-court and out-of-court identifications, and Mr. Corbitt, of course, feels that if he went to trial and if this evidence was put in against him that the jury would have no

recourse but to find him guilty; in other words, that the facts of the case would be overwhelming against him.

The defendant used this language on page 32 of a pro se brief which was filed on November 1, 1975, in support of this appeal:

"The defendant represents that attorney Herman expressed to the Court that he had advised the defendant to [enter] the guilty plea on the presumption that his claim expressed in the record that he had not been afforded enough time to prepare for trial would leave open for appellate review the fact that the defendant had not been afforded due process of law and that in doing so the defendants rights were preserved."

2. Trial counsel's advice was that appellant would certainly have a right to appeal his conviction, whether based on plea or trial, but that certain unspecified issues might be waived. Trial counsel apparently advised appellant that statements of certain issues were placed on the record to preserve them for appeal (appellant's brief, p. 21).

waived. Whereas, in another factual situation it may be relevant to an appeal.

"As to the effect of those decisions by the defendant on the entrance of the guilty plea, it was my hope, by specifically stating those issues on the record, that they would be preserved for appeal." [3]

Defendant now contends (page 20 of his counsel's brief) that "by specifically placing on the record the fact that his guilty plea was based on" the court's denial of the motions at the suppression hearing, he believed the correctness of these rulings on those motions was preserved for appeal. We have concluded that, under the unusual facts of this case, the trial court should have secured different counsel for Corbitt as the result of the disclosures on July 16 and should have had Mr. Herman testify as to exactly what he had said to Corbitt prior to the entry of the guilty plea on May 7 in order that the court could be in a position to determine whether this defendant was denied effective assistance of counsel under the standards set forth in *Moore v. United States,* 432 F.2d 730 (3d Cir. 1970). Although the record discloses substantial prejudice to the Government in permitting the withdrawal of the guilty plea on July 16 [4] (N.T. 11–15), waiver of constitutional rights is not to be presumed. See *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

We have considered the other contentions (including the following) raised by the defendant in his pro se brief, as well as those raised by his counsel, and reject them:

(1) The district court committed reversible error in denying appellant's motion to withdraw his guilty plea prior to the imposition of sentence and after a timely motion had been filed pursuant to F.R. Crim.P. 32(d).[5]

(2) Under the totality of the circumstances, appellant's guilty plea was the result of (a) coercion due to mental anguish caused by an unconstitutional setting conducive to diminishing the human will, in violation of F.R.Crim.P. 11 and the Eighth Amendment, and/or (b) fraud which rendered this plea and conviction invalid.[5]

(3) Reversal is required because counsel failed to consult with the appellant concerning a damaging and erroneous probationary report that would be read by the sentencing judge.[6]

(4) The prosecution abused its constitutional duty to disclose exculpatory evidence by suppressing eye-witness testimony and FBI summary reports taken from eye-witnesses in violation of the appellant's Fifth and Sixth Amendment guarantees in light of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).[7]

---

**3.** Apparently, by the words "stating those issues on the record," Mr. Herman was referring to his argument at the conclusion of the suppression hearing on May 7, appearing at pages 254–57 of the transcript, concerning impermissibly suggestive identification procedures, which we find to be no basis for reversal. See pages 149–150 below.

**4.** See *United States v. Crowley,* 529 F.2d 1066 (3d Cir. 1976).

**5.** At the time he entered his plea of guilty, defendant acknowledged his participation in the crime and stated that he was pleading guilty of his own free will and that he had not been coerced in any fashion. Transcript of hearing on May 7, 1975, at 6–8, 12 (D.N.J., Crim. No. 75–60), Document # 20. Through his attorney, defendant stated his plea was motivated by the fact that at a trial "the jury would have no recourse but to find him guilty; in other words, that the facts of the case would

be overwhelming against him." *Id.* at 4. Under all the circumstances shown on this record, including the fact that the guilty plea was entered after a two-day evidentiary hearing on a motion to suppress had resulted in denial of such motion, a jury had been selected and all the Government's witnesses had been assembled, we could not say the district court abused its broad discretion in denying the motion to withdraw the plea if it were not for counsel's statement of his advice to defendant set forth at pages 148–149 above. *Cf. United States v. Crowley,* 529 F.2d 1066, 1071–72 (3d Cir. 1976).

**6.** We note that defendant made no objection when his counsel stated that the information in the presentence report was accurate and that this issue is raised for the first time on appeal.

**7.** The Government denies it has withheld any material exculpatory information in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194,

(5) The Federal Government exceeded its authority by providing criminal punishment for robbery of banks insured by the Federal Deposit Insurance Corporation, 18 U.S.C. § 2113, thereby wrongfully providing jurisdiction to the federal courts in bank robbery cases.[8]

(6) The Federal Government did not have the authority under 28 U.S.C. § 1349 to prosecute the appellant under 18 U.S.C. § 2113.[9]

The case will be remanded to the district court with instructions that if, after a hearing on the issue of Mr. Herman's furnishing ineffective assistance of counsel, it is determined on the basis of findings and conclusions made by the district court that Corbitt was furnished the effective assistance of counsel prior to and on May 7, 1975, the judgment and commitment of July 16, 1975, shall continue, subject to the return of the record to this court for review of such determination.[10] On the other hand, if, on the basis of such findings and conclusions, the district court concludes that Corbitt was denied effective assistance of counsel prior to and on May 7, 1975,[11] the judgment and commitment of July 16, 1975, shall be vacated and the case shall be listed by the district court for trial as promptly as feasible.

---

10 L.Ed.2d 215. See transcript of hearing on July 16, 1975, at 8–21 (D.N.J., Crim. No. 75–60).

**8.** See, e. g., *Jones v. United States,* 419 F.2d 515 (5th Cir. 1969); *Mosco v. United States,* 301 F.2d 180, 185 (9th Cir.), *cert. denied,* 371 U.S. 842, 83 S.Ct. 72, 9 L.Ed.2d 78 (1962).

**9.** 28 U.S.C. § 1349 deals with federal subject matter jurisdiction in civil cases over actions by or against corporations incorporated by or under Acts of Congress and is inapplicable to this case.

**10.** Appellant shall notify the Clerk of this determination so that this appeal can be relisted for such review.

**11.** We emphasize that this is the sole ground on which we are remanding this case. On remand, we assume the defendant will be appointed substituted counsel by the district court again, since Mr. Herman will be a witness at the district court proceedings. See page 149 above.